```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                     FORT WORTH DIVISION

STEPHEN THOMPSON,                §
(TDCJ No. 380926)                §
VS.                              §    CIVIL ACTION NO.4:06-CV-247-Y
                                 §
                                 §
TARRANT COUNTY, TEXAS, et al.    §
```

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. §§ 1915A(B)
            and UNDER 28 U.S.C. §§ 1915(e)(2)(B)

This case is before the Court for review of pro-se plaintiff and inmate Stephen Thompson's claims under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). The live pleadings in this case are Thompson's June 19, 2006, amended form complaint seeking relief under 42 U.S.C. §§ 1983, and his December 29, 2006, more definite statement. He has named as defendants in this action three officers of the City of Grand Prairie Police department: R.L. Morris, Officer Pitts, and Officer Weis; along with Tarrant County, Texas. (Compl. Style; § IV(B).) Thompson alleges that he was the victim of the use of excessive force by these officers during his arrest in Grand Prairie, Texas, on October 18, 2003. (Amend. Compl. § V; MDS at 4-6.) He claims he sustained irreparable injury to his left eye when the officers beat him over the head with flashlights and "plowed his face into the concrete." (Amend Compl. § V.) Thompson seeks both compensatory and punitive damages. (Amend. Compl. § VI.)

A complaint filed in forma pauperis that lacks an arguable

basis in law should be dismissed under 28 U.S.C. § 1915.[1] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[2] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[3] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[4] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[5] After review of the complaint under these standards, the Court concludes that Thompson's claims must be dismissed.

The Court notes first that many of Thompson's claims are duplicative of claims already asserted and dismissed in a previous suit. In *Thompson v. Hill, et al.,* No. 4:04-CV-895-A, the Court dismissed, under 28 U.S.C. § 1915(e)(2) and 1915A(b), Thompson's claims of excessive force during his arrest against Ronnie L.

---

[1] *Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

[2] *See* 28 U.S.C.A. § 1915(e)(2)(West 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[3] *See* 28 U.S.C.A. § 1915A(a)(West 2006).

[4] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[5] *Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

2

Morris, Officer Pitts, and Officer Weis, on the grounds that Thompson had not sufficiently stated facts to overcome the defendants' entitlement to qualified immunity.[6] In this action, Thompson asserts the same claims of excessive force against the same persons arising from the same event.

In reviewing a similar multiple-suit scenario by an inmate plaintiff, the Court of Appeals for the Fifth Circuit found no abuse of discretion in a district court's determination that an in-forma-pauperis action identical to one previously dismissed, may be dismissed as frivolous or malicious:

> [W]e have dismissed an appeal as frivolous because it involved a duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit, concluding that "repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915(d) as malicious." See *Robinson v. Woodfork,* No. 86-3735 (5th Cir. May 22, 1987)(unpublished order)(citing *McCullough v. Morgan,* No. 85-2022 (5th Cir. July 3, 1985) (unpublished order) and *Hill v. Estelle,* 423 F. Supp. 690 (S.D.Tex. 1976)). Other courts have also held that an IFP complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under the authority of section 1915(d).[7]

Because Thompson's claims in the instant case against Morris, Pitts, and Weis are duplicative of claims already dismissed under 28 U.S.C. § 1915(e)(2) and 1915A(b) in this, the Northern District of Texas,

---

[6]The Court takes judicial notice of the records of this Court in *Thompson v. Hill.* 4:04-CV-895-A, including the January 6, 2005, Order and Judgment.

[7]*Bailey v. Johnson,* 846 F.2d 1019, 1021 (5th Cir. 1988)(other citations omitted); *see also Brown v. Thomas,* No. 3:02-CV-0673-M, 2002 WL 31757616, at *3-4 (N.D. Tex. Dec. 3, 2002)(adopting magistrate judge's analysis of *Bailey,* and recommendation that case should be dismissed as duplicative even though earlier case had been dismissed without reaching merits).

3

such claims asserted herein must be dismissed as malicious under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i).[8]

Alternatively, all of Thompson's claims must be dismissed as barred by the statute of limitations. The Supreme Court has held that all § 1983 actions are governed by the statute of limitations for personal-injury actions for the state of suit.[9] In Texas, the applicable limitations period is two years.[10] Thompson has also asserted claims under the Texas Tort Claims Act, but claims under that statute are also subject to the two-year limitations provision.[11] A district court may dismiss claims *sua sponte* under § 1915 where it is clear from a review of the complaint that the alleged claims are barred by the applicable statute of limitations.[12]

---

[8] An additional factor in the determination that this particular suit may be deemed malicious is Thompson's failure to inform the Court of the prior suit. In the form complaint he submitted as an amended complaint, even though Thompson declared all facts were true and correct under penalty of perjury, and was warned of the imposition of sanctions for any "false or misleading information provided in response" to the questions in the form, Thompson falsely answered "NO" to the question: "Have you filed *any* other lawsuits in state or federal court relating to your imprisonment?" (Amend Compl. § I(A)-page 2, declarations-page 5.)

[9] *See Wilson v. Garcia,* 471 U.S. 261, 273-76 (1985)(state statute of limitations period for personal-injury actions applies to all claims under 42 U.S.C. § 1983).

[10] *See Moore v. McDonald,* 30 F.3d 616, 620 (5th Cir. 1994)(noting that district courts in Texas must use Texas's general two-year, personal-injury limitations period); *see* TEX. CIV. PRAC. & REM. CODE 16.003(a)(Vernon 2006) (Texas's two-year, personal-injury limitations statute).

[11] *Stewart v. Texas Department of Criminal Justice,* No. 14-04-00465-CV, 2005 WL 3369729 (Tex.App.-Hous. [14th Dist.] Dec. 13, 2005, no pet.)(not designated for publication); *Thomas v. Texas Department of Criminal Justice-Institutional Division,* No. 03-96-00196-CV, 1996 WL 571534, at *2 (Tex.App.--Austin Oct. 2, 1966, no pet.)(not designated for publication).

[12] *See Harris v. Hegman,* 198 F.3d 153, 156 (5th Cir. 1999); *see also Moore,* 30 F.3d at 620, *citing Gartrell V. Gaylor,* 981 F.2d 254, 256 (5th Cir.1993).

4

Accrual of a claim under § 1983 is determined by federal law,[13] under which a claim generally accrues when a plaintiff knows or has reason to know of the injury giving rise to the cause of action.[14] Plaintiff recites allegations arising from the events of his arrest on October 18, 2003. Upon review of the allegations in this complaint, the Court sees no basis to believe that Thompson did not know or have reason to know of the events giving rise to his claims while they were occurring. Since Thompson did not file this suit until April 5, 2006, his claims recited in Court are too late: the applicable two-year statute of limitations already had expired prior to the time Thompson filed suit.  As all claims are barred by the applicable statute of limitations they must be dismissed under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(b)(i) and (ii).

Therefore, all of plaintiff Stephen Thompson's claims are DISMISSED WITH PREJUDICE under the authority of 28 U.S.C. § 1915A(b)(1) and alternatively, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

SIGNED June 18, 2007.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[13]*See Harris,* 198 F.3d at 157; *see also Burrell v. Newsome,* 883 F.2d 416, 418 (5th Cir. 1989).

[14]*See Harris,* 198 F.3d at 157, *citing Jackson v. Johnson,* 950 F.2d 263, 265 (5th Cir. 1992) and Burrell, 883 F.2d at 418.